IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAT STOCKDALE and )
SHANE DUNNING, )
                                          )
    Plaintiffs )
v. )    NO. 3:17-cv-0241
                                          )    JUDGE TRAUGER
KIM HELPER and THE CITY )
OF FAIRVIEW, TENNESSEE )
                                          )
    Defendants )

**MEMORANDUM**

Pending before the court are Defendant City of Fairview's Motion to Dismiss (Docket No. 25) and Motion to Exclude Evidence Outside the Pleadings (Docket No. 32). Plaintiffs have filed a Response to the Motion to Dismiss (Docket No. 29), and the City has filed a Reply (Docket No. 34). Plaintiffs have also filed a Response (Docket No. 37) in opposition to the Motion to Exclude.

For the reasons stated herein, Defendant's Motion to Exclude Evidence will be granted. Defendant's Motion to Dismiss will be granted in part and denied in part. Plaintiffs' state law claims against the City for breach of the Settlement Agreement will be dismissed without prejudice.

INTRODUCTION

The court has previously described the background of this case[1] and repeats it here as relevant to Defendant City of Fairview. Plaintiffs are former employees of the Fairview Police Department ("FPD"). They were both promoted to Lieutenant in March of 2015 and had unblemished records with the FPD. In this action, Plaintiffs allege that they were suspended and ultimately terminated

---

[1] On June 13, 2017, the court denied Defendant Helper's Motion to Dismiss (Docket No. 27).

from the FPD in violation of their constitutional rights and in retaliation for their public disapproval of certain alleged misconduct going on within the FPD.

Plaintiffs assert that, at the urging of Defendant Helper, who is the District Attorney General in Williamson County, Tennessee, the City of Fairview placed Plaintiffs on unjustified administrative leave and launched an unjustified investigation into any possible criminal conduct by the Plaintiffs. Plaintiffs aver that the investigative report, released on July 20, 2016, found no criminal wrongdoing by Plaintiffs.

While they were on administrative leave, Plaintiffs filed an action in this court (the "Prior Action") against the City of Fairview and individual members of the Fairview Board of Commissioners for violation of their constitutional rights, violation of the Tennessee Public Protection Act, official oppression, common law retaliation, defamation and slander. The court issued a Temporary Restraining Order in the Prior Action, prohibiting the City of Fairview from terminating Plaintiffs' employment, eliminating their positions, hiring or promoting others into the Plaintiffs' positions, and demoting Plaintiffs or eliminating Plaintiffs' pay, pending a preliminary injunction hearing. (Case No. 3:16-cv-1945, Docket No. 7). The Prior Action was ultimately dismissed with prejudice, prior to a preliminary injunction hearing, pursuant to a Settlement Agreement. *Id*. at Docket No. 25. Plaintiffs returned to active duty with the FPD.

In this action, Plaintiffs contend that Helper continued to urge the City Manager to remove Plaintiffs from their positions. According to Plaintiffs, Helper told the City Manager she would place a *Giglio* impairment on Plaintiffs with respect to all future prosecutions, although Plaintiffs claim there was no basis for that impairment. A *Giglio* impairment of a police officer refers to a prosecutor's decision not to allow an officer to testify at the trial of a criminal defendant because of

the officer's prior misconduct or other grounds to attack the officer's credibility. *Giglio v. United States*, 405 U.S. 150 (1972).[2]

Plaintiffs were ultimately terminated from the FPD, allegedly because of the *Giglio* impairments. Plaintiffs allege that they were actually terminated in retaliation for their complaints against the FPD and their filing of the Prior Action, as well as pressure exerted by Defendant Helper. Against the City of Fairview, Plaintiffs allege violations of their constitutional rights, retaliation for exercise of their constitutional rights, and breach of the Settlement Agreement in the Prior Action.

## MOTION TO EXCLUDE EVIDENCE

The City of Fairview asks the court to exclude a document included in Plaintiffs' Response to the pending Motion to Dismiss. The court agrees that it cannot consider this document without converting the Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 12(d). Plaintiffs argue that the court may take judicial notice of the internet publication they have included within the body of their Response. The court declines to take judicial notice of the apparent Facebook posting at issue.

Accordingly, the Motion to Exclude Evidence (Docket No. 32) will be granted, and the court will not consider the Facebook post by WKRN Reporter Andy Cordan, filed as part of Plaintiffs' Response (Docket No. 29 at 16).

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss,

---

[2] Officers who are *Giglio* impaired based on the existence of such compromising information may be prevented from participating in police investigations or making arrests so as to avoid a situation where a criminal prosecution is dependent on that officer's testimony.

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## CONSTITUTIONAL CLAIMS

I. Property Interests

The court must undertake a two-step analysis when considering claims for violation of due process rights. *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004). The first step is to determine whether a plaintiff has a property or liberty interest entitled to due process protection. *Id*. The second step is to determine what process is due. *Id*.

Plaintiffs allege that the City of Fairview deprived them of their constitutionally-protected property interests without due process. In order to establish deprivation of a property interest without due process, Plaintiffs must show that they have property interests in continued employment with the FPD that would entitle them to due process protection. *Freeze v. City of Decherd, Tenn.*, 753 F.3d 661, 665 (6th Cir. 2014). Plaintiffs allege that their constitutionally-protected property interests

in their employment arise from both state law (Tenn. Code Ann. § 38-8-301, *et seq*.) and the Fairview Police Policy & Procedures Manual.[3]

The City of Fairview argues that, because Tennessee is an "at will" employment state, Plaintiffs do not have a property interest in continued employment. The doctrine of employment at will is a long-standing rule in Tennessee that recognizes the concomitant right of either the employer or the employee to terminate the employment relationship at any time, for good cause or no cause at all, without being guilty of a legal wrong. *Sudberry v. Royal & Sun Alliance*, 344 S.W.3d 904, 911 (Tenn. Ct. App. 2008). The law in Tennessee operates under a broad presumption that employees are at-will and, by default, lack a property right in their continued employment. *Freeze*, 753 F.3d at 665. In order to rebut this presumption of at-will employment, the party seeking to do so must come forward with admissible and relevant evidence to support a finding that the employment relationship was contractual or was for a definite period of time. *Sudberry*, 344 S.W.3d at 912.

The Tennessee statutes upon which Plaintiffs rely provide that, before any dismissal for punitive reasons may be imposed, a police officer shall be notified in writing of all charges, the basis for the charges, and the actions that may be taken. Tenn. Code Ann. § 38-8-304(1). In addition, the police officer shall be given an opportunity, within a reasonable time after the date of the written notice, to respond orally and in writing to the charges. Tenn. Code Ann. § 38-8-304(2). Plaintiffs also cite Section 38-8-305, which provides procedures for disciplinary actions and hearings, to which Plaintiffs claim they were entitled. Tenn. Code Ann. § 38-8-305. These statutes, however, apply only to those agencies that provide a property interest in employment for their police officers and that

---

[3] As noted, Plaintiffs do not have to *prove* that they have a property interest; for purposes of this motion, they must allege facts sufficient to state a plausible claim that they have a property interest in their employment.

have no other established procedures for dealing with the dismissal, demotion, suspension or transfer for punitive reasons of police officers. Tenn. Code Ann. § 38-8-309.

Thus, these Tennessee statutes apply when officers have a property interest in their employment, and the city or department has no established disciplinary procedures. Defendant contends that it does *not* provide a property interest in employment for its police officers and that it *does* have established procedures for dealing with dismissal, demotion, suspension or transfer of officers for punitive reasons,[4] so these state statutes are not applicable in this case.

Plaintiffs have also alleged that the Fairview Police Policy & Procedures Manual demonstrates that they have a protected property interest in their employment. That Manual provides, among other things, that the City Manager "may dismiss an employee at any time for just cause." Docket No. 35-1 at 15. "May" is defined in the Manual as "Permissive."[5] In order to constitute a contract, an employee handbook or manual must contain specific language showing the employer's intent to be bound by its provisions. *Freeze*, 753 F.3d at 665. The Preface to the FPD Manual includes the following: "All previously issued rules, policies, and procedures inconsistent or in conflict with these policies, rules and procedures are hereby revoked." Docket No. 35-1 at 2. In

---

[4] For example, the City of Fairview Employee Policies and Procedures includes sections on Disciplinary Guidelines, Notice of Intended Dismissal and Dismissal Hearing. Docket No. 35-2 at 7-11.

[5] Plaintiffs also incorrectly allege that the Manual guarantees the procedures afforded by Tenn. Code Ann. § 38-8-304. Plaintiffs cite to Section 2.24 of the Manual, which states that employees "will be given a due process right according to T.C.A. 38-8-303 and the employer will use T.C.A. 50-3-105." *Id*. at 14. Section 38-8-303 requires certain information to be confidential, and Section 50-3-105 requires employers to maintain a safe working environment. Neither of these provisions is at issue in this case.

*Freeze*, the court read similar language to be an unequivocal statement of the City's intent to be bound by the handbook's provisions according to Tennessee law. *Freeze*, 753 F.3d at 666.

Plaintiffs also cite to the City of Fairview Employee Policies and Procedures[6] as a source of a property interest. However, that document states, in the Introduction: "[Y]ou should understand that this manual does not constitute a contract between the City and any of its employees." Docket No. 35-2 at 5. It also provides: "No employee or other person enjoys any vested right to the continuation of any position, rules, regulations, policies, procedures, provisions or employee benefits contain within these Personnel Rules and Regulations." *Id*. Nothing in this language is evidence of a property interest; indeed, this language indicates the opposite. Plaintiffs also cite the definition of "dismissal" in the City policies, which states that "dismissal" means dismissal of an employee from city service for the most serious violation of performance or conduct or as the final step in a series of progressive disciplinary actions. Docket No. 35-2 at 8.

Thus, whether the state statutes cited by Plaintiffs apply begs the question of whether Plaintiffs have a property interest in their employment. Whether the state statutes apply also depends upon whether the FPD has established procedures for dealing with the dismissal of police officers. The Preface to the FPD Manual indicates an intent to be bound by the Manual, and the Manual includes certain procedures dealing with the dismissal of employees, but those provisions do not include a right to a hearing.[7] The City of Fairview's Policies and Procedures *do* include procedures

---

[6] The court has properly considered the Manual and the City of Fairview Policies and Procedures on this motion because they are referenced and relied upon in the Complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

[7] The provisions of the Manual filed with the court at Docket No. 35-1 include a section on Dismissal that appears to be incomplete. There is a semicolon after subsection B, as if there are more sections that follow but are not included. Neither party has raised this, but the

for dismissal of City employees including a hearing, but it expressly states that it is not a contract that bestows upon employees any vested right.

As noted above, Plaintiffs need only allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face. The material before the court presents conflicting propositions, but the court holds that Plaintiffs have stated sufficient facts that, if accepted as true, state a claim that is plausible on its face as to whether they have a constitutionally protected property interest in their employment.

II. Liberty Interests

Plaintiffs also allege that they have constitutionally protected liberty interests in their professional reputations that have been damaged by Defendants' false claims and accusations of *Giglio* impairment. A person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the Fourteenth Amendment. *Quinn v. Shirey*, 293 F.3d 315, 319 (6th Cir. 2002). Defamation alone, however, is not enough to invoke due process concerns. *Id*. Some alteration of a right or status previously recognized by state law, such as employment, must accompany the damage to reputation. *Id*. Consequently, when an employee shows that he has been stigmatized by the voluntary, public dissemination of false information in the course of a decision to terminate his employment, the employer is required to afford him an opportunity to clear his name. *Id*. at 320.

The Sixth Circuit has recently cited *Quinn* in identifying five factors that a plaintiff must show in order to establish that he was deprived of a liberty interest and entitled to a name-clearing hearing: (1) the stigmatizing statements must be made in conjunction with the plaintiff's termination

---

court cannot consider something that has not been filed.

from employment; (2) the employer must have alleged more than improper or inadequate performance, incompetence, neglect of duty or malfeasance; (3) the stigmatizing statements or charges must be made public; (4) the plaintiff must claim that the charges made against him were false; and (5) the public dissemination must have been voluntary. *Crosby v. Univ. of Ky.*, __ F.3d__, 2017 WL 3014358 at * 6 (6th Cir. July 17, 2017).

Plaintiffs have alleged that, prior to their pre-dismissal hearing, the City Manager published the following statement to the news media: "Lieutenant Stockdale's placement on administrative leave and intended dismissal results from a communication to me from District Attorney General Kim Helper. The effective result of that communication is that Lieutenant Stockdale's ability to function as police officer has been nullified." The City Manager stated that the same was true for Lt. Dunning.

Plaintiffs have sufficiently alleged that the stigmatizing statements (that Plaintiffs have a *Giglio* impairment and that their ability to function as police officers has been nullified) were made in conjunction with their firing; indeed, it is the alleged reason for their firing. Plaintiffs have also sufficiently alleged that the stigmatizing statements involve more than improper or inadequate performance, incompetence, neglect of duty or malfeasance. Plaintiffs have alleged that the *Giglio* impairment renders a police officer incapable of obtaining employment in another police department and is a career-ending condition for any police officer. Also, saying that a police officer's ability to function as a police officer has been nullified is sufficient to allege more than improper or inadequate performance, incompetence, neglect of duty or malfeasance. Plaintiffs' Complaint asserts that the stigmatizing statements were made public and that the statements were false. There is no dispute that

9

the public dissemination was voluntary. The court finds that Plaintiffs have sufficiently alleged a liberty interest in their reputations, good names, integrity and honor to state a plausible claim.[8]

III. Due Process

Having found that Plaintiffs have sufficiently alleged property and liberty interests to survive a motion to dismiss, the court must determine whether Plaintiffs have sufficiently alleged the deprivation of due process with regard to those rights. Plaintiffs contend that they were entitled to a pre-termination or pre-dismissal hearing and an opportunity to present evidence prior to being dismissed from their employment. Plaintiffs argue that they were entitled to confront and cross-examine Defendant Helper, citing to Tenn. Code Ann. § 38-3-305, which Defendant states does not apply. Plaintiffs also maintain that there is no procedure in the FPD to challenge or appeal a *Giglio* impairment, which is an adverse employment action.

In the context of employment rights, the Supreme Court has explained that the root requirement of due process is that an individual be given the opportunity for a hearing before he is deprived of any significant property interest. *Mitchell*, 375 F.3d at 480 (citing *Cleveland Bd. of Educ. v. Loudermill*, 105 S.Ct. 1487 (1985)). The public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Id.* A pre-termination hearing need not be elaborate, so long as the plaintiff is provided with a full post-termination hearing. In both *Duchesne v. Williams*, 849 F.2d 1004 (6th Cir.

---

[8] Defendant argues that the statements did not so negatively affect Plaintiffs' reputations that they effectively foreclose the opportunity to practice a chosen profession. But Plaintiffs allege just that, and they have sufficiently alleged that the statements invoke a moral stigma, in that they challenge Plaintiffs' credibility and integrity. Further, stating that Plaintiffs' abilities to operate as police officers has been nullified calls into question their honesty and integrity as well.

1988), cited by Plaintiffs, and *Loudermill*, the employee was afforded a post-termination hearing by state law. As indicated above, whether the Tennessee statutes cited by Plaintiff apply in this case depends upon whether the FPD or the City provided to police officers a property interest in employment and whether the FPD or the City had established policies and procedures for dealing with the dismissal, demotion, suspension or transfer for punitive reasons of police officers.

Post-termination hearings serve to ferret out bias, pretext, deception and corruption by the employer in discharging the employee. *Mitchell*, 373 F.3d at 480. Where the employer has provided a pre-termination hearing, due process requires that a discharged employee's post-termination hearing be substantially more "meaningful." *Id.* at 480-81. At a minimum, this requires that the discharged employee be permitted to attend the hearing, to have the assistance of counsel, to call witnesses and produce evidence on his behalf, and to know and have an opportunity to challenge the evidence against him. *Id*.

The state statute cited by Plaintiffs provides for a post-termination hearing at which the police officer and the employer shall be afforded the opportunity to present evidence and to examine and cross-examine witnesses. Tenn. Code Ann. § 38-8-305. The statute also provides that the hearing panel shall have the power to, and on the request of the police officer shall, issue subpoenas requiring the testimony of witnesses. *Id*.

The City of Fairview Employee Policies and Procedures provide that any employee who has received a notice of dismissal shall have the right to request a pre-dismissal hearing. Docket No. 35-2 at 11. These Policies and Procedures do not state whether the employee may call witnesses or produce evidence, but they do indicate that the employee may have counsel present. *Id*.

Here, Plaintiffs were given a "pre-termination" hearing that actually was held "post-termination" because of counsel's schedule.[9] Plaintiffs received their final paychecks before the December 6, 2016 hearing. In any event, Plaintiffs were accompanied by counsel at this hearing with the City Manager, questioned the City Manager, and presented their arguments against the dismissal. *See* Docket No.1-15 (transcript of the December 6, 2016 hearing). The City Manager stated that Plaintiffs were fired solely because of an email he received from Defendant Helper, the email in which she stated that Plaintiffs were *Giglio* impaired. Plaintiffs complain that they were not allowed to call witnesses at this hearing, specifically that they were unable to call Defendant Helper to challenge the information in her email.

There is no evidence that Plaintiffs were given a "name-clearing" hearing in connection with their firing. If a plaintiff establishes the existence of the five factors cited above, he is entitled to a name-clearing hearing if he requests one. *Quinn*, 293 F.3d at 320. It is the denial of the name-clearing hearing that causes the deprivation of the liberty interest without due process. *Id*.

Plaintiffs have sufficiently alleged that they "lacked a meaningful post-deprivation remedy." Docket No. 1 at 27. The court finds that Plaintiffs have sufficiently alleged that they were deprived of appropriate due process in connection with their termination. The facts set forth in their Complaint, assumed as true, state a plausible claim for denial of due process.

IV. First Amendment Retaliation

Plaintiffs allege that the City of Fairview retaliated against them for filing the Prior Action and for speaking out on matters of public concern during interviews with the media. The City argues

---

[9] The hearing was postponed until December 6, 2016, because Plaintiffs' counsel was involved in a trial in this court and was unavailable to attend the meeting until then.

that the alleged constitutionally-protected speech all occurred before the Settlement Agreement in the Prior Action. That Settlement Agreement provides that Plaintiffs will refrain from instituting, prosecuting, filing or processing any claims arising out of employment discrimination that have accrued as of the date of the Settlement Agreement. Docket No. 1-16 at 3. Although the alleged protected speech did occur before the Settlement Agreement was signed, the adverse employment action of firing Plaintiffs did not, so the retaliation claims did accrue after the time the Settlement Agreement was signed.

To establish a claim for First Amendment retaliation, an employee must demonstrate that (1) he engaged in constitutionally-protected speech; (2) he was subjected to adverse action or was deprived of some benefit; and (3) the protected speech was a substantial or motivating factor in the adverse action. *Williams v. City of Franklin, TN,* 586 F.Supp.2d 890, 896 (M.D. Tenn. 2008). To show that a public employee's speech is constitutionally protected, the employee must show that (1) his speech was made as a private citizen, rather than pursuant to his official duties; (2) his speech involved a matter of public concern; and (3) his interest as a citizen in speaking on the matter outweighed the government's interest as an employer in promoting the efficiency of the public services it performs through its employees. *Handy-Clay v. City of Memphis, TN,* 695 F.3d 531, 540 (6th Cir. 2012).

The City contends that Plaintiffs were not speaking as private citizens because Stockdale was in charge of handling press inquiries, and Dunning was a supervisor who spoke out as one with knowledge of the internal operations of the FPD. These facts are not alleged in the Complaint and, therefore, may not be considered on this motion. The Complaint alleges that Plaintiffs spoke out on matters of public concern in their capacities as private citizens during interviews with the media

13

while they were not on the job. Plaintiffs also allege that they engaged in protected activity by filing a lawsuit. These allegations, accepted as true, are sufficient to satisfy the requirements that Plaintiffs spoke as private citizens on matters of public concern.

The City also argues that the FPD's interest in promoting the efficiency of the department outweighs Plaintiffs' interests in commenting on the purported matters of public concern. The City alleges that Plaintiffs' attempt to remedy alleged corruption or wrongdoing within the FPD was really a blanketed attempt to undermine their supervisors and other city officials. That is not a fact alleged in the Complaint and cannot be accepted as true. Plaintiffs' Complaint alleges that Plaintiffs spoke out on matters of public concern, including their knowledge of other officers violating laws, ordinances or departmental rules. Plaintiffs contend that they made reports to the media that demonstrated wrongdoing, corruption and conspiracy to violate the U.S. Constitution by police and city officials. These allegations sufficiently state a claim as to matters of public concern. There is no dispute that Plaintiffs were subjected to adverse employment actions.

Finally, the City contends that Plaintiffs cannot show any causal connection between their protected speech and their firing. Again, Plaintiffs do not have to *prove* a causal connection; they must sufficiently state a plausible claim for which relief may be granted. Plaintiffs allege that their protected speech was causally connected to Defendant Helper's decision to render Plaintiffs *Giglio* impaired, which led directly to their firing. Under these circumstances, the court finds that Plaintiffs have sufficiently alleged that they were denied due process by the City of Fairview.

STATE LAW CLAIM

I. Breach of Settlement Agreement

Plaintiffs allege that the actions of the City of Fairview in firing them constituted a breach of the Settlement Agreement from the Prior Action. The City argues that such claims are not properly before this court, relying upon the terms of the Settlement Agreement itself. The Agreement states that "the parties agree that any dispute over the interpretation, breach or enforceability of this Agreement must be maintained only in a court sitting in Williamson County, Tennessee." Docket No. 1-16 at 4. Plaintiffs assert that this court does "sit" in Williamson County because the Middle District of Tennessee covers Williamson County. Plaintiffs' argument is not persuasive. This court "sits" in Nashville, Columbia and Cookeville, not in Williamson County. A court sitting in Williamson County, Tennessee, would be a state court, not a federal court.

For this reason, the court will dismiss Plaintiffs' claim for breach of the Settlement Agreement from the Prior Action without prejudice. The court need not address the City's argument that there was no breach.

## CONCLUSION

For all these reasons, the City of Fairview's Motion to Dismiss (Docket No. 25) will be granted in part and denied in part. Plaintiffs' state law claims for breach of the Settlement Agreement will be dismissed without prejudice.

IT IS SO ORDERED.

ENTER this 16th day of August 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE